**L. J. H. HERWIG, Appellant,**

v.

**PEOPLES SUPPLY, INC., Appellee.**

**No. 4032.**

District of Columbia Court of Appeals.

Submitted March 20, 1967.

Decided April 19, 1967.

Rehearing Denied May 8, 1967.

L. J. H. Herwig, Washington, D. C., appellant pro se.

Marion Edwyn Harrison, Washington, D. C., for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and QUINN (Associate Judge, Retired).

PER CURIAM:

Suit in the trial court was instituted against appellant by a complaint filed by appellee on March 4, 1965, seeking a sum certain due on an open account for sundry grain feeds furnished and delivered for appellant's use and benefit in connection with his farming operations in Virginia.

Service of the complaint was effected September 29, 1965. Although the rules of the trial court provide that a defendant shall file his answer within twenty days, appellant failed to answer within the time specified, but on October 27, 1965, he was granted an extension of ten days. Not until November 13, 1965—seven days beyond the additional time allowed—did he file an answer which embodied a counterclaim charging malicious abuse of process. On December 3, 1965, appellee's motion to strike the answer and counterclaim was granted. Thereafter, appellee moved for judgment on the pleadings, and on March 29, 1966, after a hearing at which appellant appeared, the trial court granted appellee's motion. Appellant's subsequent motion to set aside and revoke this judgment was denied on April 5, 1966. Appellant here challenges the legal correctness of the denial of this motion.[1]

At the time appellee moved for judgment on the pleadings, appellant was in default for failure to answer, and thus there was before the court only one viable pleading—appellee's complaint, the allegations of which must be taken as true. In this state of the pleadings, the trial court was thus correct in granting judgment. We find no abuse of discretion or legal error in this action and therefore affirm the denial by the trial court of appellant's motion to set aside and revoke the judgment on the pleadings granted in favor of appellee.

We note that no amount was specified in the final judgment awarded appellee. Neither was there an explanation for this omission. The trial court should fix the amount of the recovry to which appellee is entitled and include this figure in the final judgment awarded.

Affirmed.

1. As the record on appeal leaves much to be desired from the standpoint of adequacy, relevancy and clarity, we have examined the pleadings and docket entries in the trial court. The file is replete with multifarious pleadings, motions by appellant, oppositions thereto, and orders disposing of appellant's motions, all except one having been denied. As most .of them are not relevant to this appeal, we have dealt with only those pleadings essential to an understanding of the posture of the case at the time the trial court granted appellee's motion for judgment on the pleadings.